**FILED**
*June 10, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

CASE No. 03-14-00525-CR

# IN THE COURT OF APPEALS
# THIRD JUDICIAL DISTRICT
# AUSTIN, TEXAS

---

ELIAS SHAWN BIHL,
            Appellant,

VS.

THE STATE OF TEXAS,
            Appellee,

---

BRIEF FOR APPELLANT

On Appeal from the judgment C-13-0631-SA
in the 340th District Court Tom Green County

<u>Respectfully requesting Oral arguments:</u>

Elias S. Bihl
3001 S. Emily Dn
Beeville, TX. 78102


RECEIVED
JUN 1 0 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

## INDEX OF AUTHORITIES

CASES                                                          PAGES

Cole v. Arkansas, 333 U.S. 353, 362, 57 S.Ct. 255, 259,... 7
81 L.Ed. 278

In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 LEd 368 ... 4

Jackson v. Virginia 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 260 ... 5,6

## TABLE OF CONTENTS

Identities of partie and counsel _____ i

Table of Contents _____ i

Index of Authorities _____ i

Case in Brief _____ 1

Statement of facts _____ 2

Argument and Authorities _____ 3

Certificate of Service _____ 8

## IDENTITIES OF PARTIE AND COUNSEL

1: Hon. Jason Ferguson Tom Green County "ADA"

2: Appellant Elias Shawn Bihl

IN THE COURT OF APPEALS

FOR THE THIRD JUDICIAL DISTRICT OF TEXAS

AUSTIN, TEXAS

ELIAS SHAWN BIHL,
      Appellant,

VS.                           No. 03-14-00525-CR

THE STATE OF TEXAS,
      Appellee,


Appealed from cause number C-13-0631-SA in the 340TH District Court Tom Green County, Texas


TO THE COURT OF APPEALS:

## THE CASE IN BRIEF

| | |
|---|---|
| THE INDICTMENT | AGGRAVATED ASSAULT WITH A DEADLY WEAPON. |
| THE PLEA | NOT GUILTY |
| THE VERDICT | GUILTY OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON. |
| THE PUNISHMENT | THIRTY YEARS IN THE INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE |

1

## STATEMENT OF FACTS

The following summary is intended to provide a brief overview of the testimony at trial. Further discussion of the testimony will be reserved for the argument and authorities section of appellant's points of error.

The record indicates that the appellant Elias Shawn Bihl and Rigoberto Rivera used to be roommates. On May 12, 2013 the two return to the house they where staying at to do drugs and alcohol. Later something happen to where appellant's behavior was of being scared of Rivera. Appellant ended up getting his gun and started hitting Rivera in the head with the butt of the gun. Rivera ended up playing as he passed out and once appellant left the room Rivera pushed a air-conditioner unit out the window and head first jumped out the window and and landed in pieces of glass then jumped over a wired fence and ran to a neighbor's house for help.

Appellant was found guilty of the offense aggravated assault with a deadly weapon. An timely notice of appeal was given to the honorable court.

2

## ARGUMENTS AND AUTHORITIES

### Point Number One:

The Trial Court erred in holding the evidence to be legally sufficient to sustain the conviction of the appellant because the evidence was insufficient to establish that the appellant did commit the offense.

The sufficiency of the evidence is a question of law. In the case at hand appellant will show that the defense's evidence outweighs the State's evidence.

Appellant was indicted for, "intentionally knowingly or recklessly cause bodily injury to Rigoberto Rivera by stabbing the said Rigoberto Rivera with a knife, and the defendant did then and there use or exhibit a deadly weapon to-wit: A Knife." It goes on to said; which in the manner of its use and intended use and intended use was capable of causing death or serious bodily injury during the commission of said assault.

The United States Supreme Court has long established that the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against a conviction upon proof beyond a reasonable

3

doubt of every fact necessary to constitute that which he is charged. See In re Winship 397 U.S. 358, 90 S.Ct. 1068 25 L.Ed.2d 368.

In this case the State was to prove that appellant stabbed Rigoberto Rivera with a deadly weapon namely a knife.

Appellant will show that this conviction was obtained by unconstitutional failure of the prosecution fail to introduce any evidence that the victim was stabbed by said knife. The record states: At vol 4 page 57 line 18

"I didn't -- I didn't really see the knife, you know, because he had me like this. So I didn't see the knife."

The State introduce State's exhibit No.56 which is the knife to been proven to had stabbed Rigoberto Rivera The record states: At vol 4 page 58 line 21

"Okay And up to that point you had claimed it was a Kitchen knife: is that correct?

Honestly, I'm not sure if that's the knife.

Okay You're not sure if that's the knife?

Huh-uh. Honestly I'm not sure if that's the knife.

The State never showed the jury any evidence that appell- never use a knife to stabb Rivera.

4

The State act to broaden the charge contained in the indictment. Appellant was on trial for assault with a knife. However at trial the State proof went beyond the allegation in the indictment that Rivera was assaulted with a knife. The State also showed that appellant assaulted Rivera with a gun.

This caused a miscarriage of justice it was unfair to give alot of testimony of Rivera getting hit in the head many times with the butt of a handgun. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2981, 61 L.Ed. 2d 260. States that the charge must be correct and must give directions by the Judge. The charge in this case only applied the Law it gave no instructions. So when the fact finders read the Law that applies to the offense to who commits an assault and not directed on the State must prove that the defendant stabbed Rivera with a knife. Then the charge to the jury is not correct because the essential element is missing.

## Conclusion

The record is devoid of any evidence of appellant

Testimony from Rivera states that he never knew he was injured until he was at the hospital. See Vol 4 page 60 line 6:

Well I didn't -- I didn't --I didn't notice until I was at the hospital.

Appellant is not asking the honorable court to be a thirteenth juror. The essential element here is has the State proved their case. Can the fact finders find the essential element in this case, as Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 161 L.Ed.2d 210, requires.

In Jackson the court found that due process guaranteed by the fourteenth amendment requires that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of the element of the offense. In the case at hand the State doesnot have testimony from the victim stating appellant stabbed him or testimony from medical stating that the victim was treated by them for a stabbing injury and or someone seen appellant stab the victim.

6

stabbed Rivera. The Court of Appeals lies only to review fundamental or constitutional rights denied by the trial court or the State. This error involved here is among a constitutional rights that every accuse in a criminal proceeding in all District Courts (Federal or State) is a violation of convicting of a charge that was never made. <u>Cole v. Arkansas</u>, 333 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 272.

## Prayer

Appellant makes a ~~Jackson~~ claim, he assert that the trial leading to his conviction was flawed in that the evidence of guilt presented in the trial record are insufficient to support the verdict. Therefore appellant prays that the honorable court dismis the Anders Brief that was filed in appellant's behalf and the court overrules the judgment of the 340TH District Court of Tom County Texas and remand appellant to answer the indictment against him.

Respectfully Submitted,

_____
- Appellant -

## CERTIFCATE OF SERVICE

A true copy of this Brief was sent to the Honorable Jason Ferguson at the Tom Green County District Attorney's Office. 124 W. Beauregard Ave, San Angelo, Texas, 76903 Bv Elias S. Bihl on June 5 2015 _Elias S. Bihl_____,
Elias S.Bihl

8

...TAS
...9385165
... Cowell Unit
...01 South Emily Dr.
...EVILLE TX 78102

Vega

JEFFREY D. KYLE
CLERK Third Court of Appeals
P.O. BOX 12547
AUSTIN TEXAS 78711

SAN ANTONIO PSDC 782
MON 08 JUN 2015 PM

FOREVER USA
FOREVER USA
FOREVER USA